**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

AUDREY TAYLOR CARTER,           :
                                : Civil Action No. 09-3832(FLW)
          Plaintiff,            :
                                :
                                :
          v.                    :    **OPINION**
                                :
FIRSTAT CARNEGIE NURSING        :
SERVICE, et al.,                :
                                :
          Defendants.           :

**APPEARANCES**:

    AUDREY CARTER, Plaintiff <u>pro se</u>
    P.O. BOX 2113
    Trenton, New Jersey 08607

**WOLFSON, District Judge**,

Plaintiff Audrey Taylor Carter (hereinafter "Plaintiff"), brings this action <u>in forma pauperis</u>, alleging that the named defendants discriminated against her in her work assignments and pay as a nursing aide and home health aide.  This Court granted Plaintiff status to proceed as an indigent in this matter by Order dated August 5, 2009.

Having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**

Plaintiff brings this action against the following defendants: Firstat Carnegie Nursing Service ("Firstat"); Pat Brown, a/k/a Shawn Kahn; Wee Care Health; Bayada Nurses; New Jersey Attorney General Ann Milgram, Director of the Division of Consumer Affairs; the New Jersey Department of Law and Public Safety; the New Jersey Board of Nursing; and Patricia Polansky. (Letter Complaint).

Plaintiff alleges that Firstat discriminated against her three times. The first time occurred in 2003,[1] when Firstat allegedly refused to give Plaintiff more work for the purpose of causing Plaintiff to lose her health benefits. Firstat discriminated again several times after it rehired Plaintiff in July 2009, by taking work from Plaintiff and giving Plaintiff only "bad" patients.

Plaintiff also alleges that defendants Bayada Nurses and Wee Care Health failed to give Plaintiff work as a nursing aide. Firstat, Bayada and Wee Care also refused to give Plaintiff a raise. Plaintiff complains that she only received from $9.00 to $10.00 per hour even though she had a dual license as both a home health aide and nursing aide. Plaintiff alleges that Firstat,

---

[1] This Court notes that any claim relating to events occurring in 2003 would now be time-barred. However, because Plaintiff has failed to allege any facts concerning employment discrimination, the Court instead dismisses this Complaint for failure to state a claim. See infra.

Bayada and Wee Care forced Plaintiff to do housework, laundry, shopping and other services after she received her home health aide license without paying her extra for these services, even though the scope of her job was to give medications and other nursing-type care. Finally, Plaintiff alleges that Wee Care would not give Plaintiff her paycheck on time.

Plaintiff demands $2 million in monetary damages. She asserts that defendants have violated New Jersey state employment laws.

## DISCUSSION

### A. Standard of Review

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the

4

Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[2]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 11949-1950 (citations omitted).

---

[2]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B. No Allegations of Discrimination**

Plaintiff alleges that her employers, defendants Firstat, Bayada, and Wee Care Health, discriminated against her by not paying her fairly for the work performed. Title VII of the Civil Rights Act of 1964 protects against employment discrimination only on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to state a prima facie case for employment discrimination under Title VII, a plaintiff must allege: (1) that she is a member of a protected

6

class; (2) that she is qualified for the position; (3) that she was fired from that position or treated adversely in that position; and (4) that the circumstances of the case give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class or when other similarly situated persons are not treated adversely. Jones v. School Dist. Of Philadelphia, 198 F.3d 403, 411 (3d Cir. 1999); Waldron v. SL Indus., Inc., 56 F.3d 491, 494 (3d Cir. 1995).

    Here, Plaintiff does not allege any facts to show that her employers discriminated against her on the basis of race, color, religion, sex, or national origin.  She simply concludes that her work assignments were made on the basis of discrimination, but fails to allege any facts of any kind to support her bald conclusory allegation.  Consequently, she has not sufficiently plead any facts to prove the necessary elements of an employment discrimination claim; namely, she has not alleged any direct evidence of discrimination or any facts to demonstrate any circumstances that would give rise to an inference of unlawful discrimination by her employers.  Accordingly, the Complaint will be dismissed without prejudice, in its entirety, as against these defendants, for failure to state a claim at this time.

C.  **No Allegations Against Remaining Defendants**

In addition, this Court finds that Plaintiff has failed to allege any cause of action or acts of wrongdoing of any kind as against the remaining defendants, Pat Brown; Attorney General Anne Milgram; the Director of the Division on Consumer Affairs; the Department of Law and Public Safety; the New Jersey Board of Nursing; and Patricia Polansky.  In fact, the Complaint is completely devoid of any allegations against these defendants.  Therefore, the Complaint will be dismissed in its entirety as against these defendants.

## CONCLUSION

For the reasons set forth above, this Court will dismiss Plaintiff's Complaint in its entirety as against all named defendants for failure to state a claim upon which relief may be granted at this time.  An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　 S/Freda L. Wolfson
　　　　　　　　　　　　　　　　　　FREDA L. WOLFSON
　　　　　　　　　　　　　　　　　　United States District Judge
Dated: September 1, 2009